IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-283-BO

| | |
|---|---|
| CLIFTON BURNEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> *Acting Commissioner of Social Security*, ) <br> ) <br> Defendant. ) | O R D E R |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 15, 17]. A hearing was held on these matters before the undersigned on July 25, 2017, in Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed his applications on December 19, 2011, alleging disability beginning October 17, 2011. After initial denials, a hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's osteoarthritis, degenerative joint disease of the bilateral knees, degenerative disc disease of the lumbar spine, status post lower extremity burns, and his adjustment disorder (depressed mood and anxiety) were considered severe impairments at step two, but were not found alone or in combination to meet or equal a listing at step three. The ALJ concluded that plaintiff had the RFC to perform sedentary work with additional exertional limitations. The ALJ then found that plaintiff was unable to return to his past relevant work but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that plaintiff could perform such as Election Clerk, Addresser, and Stuffer. Thus, the ALJ determined that plaintiff was not disabled under the Act.

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p. If an opinion from a treating source is well-supported by and consistent with the objective medical evidence in the record, it may be entitled to controlling weight. 20 C.F.R. §§ 404.1527(c), 416.927(c). Where an opinion is inconsistent with other evidence in the record, the ALJ need not give that opinion any significant weight. *Id.*; *see also Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). However, ALJ's decision to do so must be accompanied by "a narrative discussion" that discusses "how the evidence supports each conclusion," such that the ALJ's decision is sufficiently specific to make it clear to a reviewing district court "why the opinion was not adopted." *See* SSR 96-8p.

The ALJ's decision in this instance is not supported by substantial evidence. The ALJ found plaintiff capable of sedentary work, except that he requires a sit/stand option with no more than two position changes an hour while remaining on task; is limited to occasional pulling/pushing with the lower extremities; is limited to occasional climbing of ramps and stairs; cannot climb ladders, ropes or scaffolds; is limited to occasional balancing, kneeling, crouching and crawling; must avoid hazards such as dangerous machinery and unprotected heights; requires the use of a hand held assistive device, such as a cane, for ambulation; and can perform simple,

repetitive, routine tasks consistent with unskilled work. This conclusion is not supported by the record.

First, Dr. Brown's chart notes and imaging results constitute new and material evidence that must be reconciled with the other evidence of record and which demonstrates additional RFC limitations not taken into account by the ALJ. Dr. Brown, plaintiff's treating neurosurgeon, believed plaintiff's back impairment to be severe and that conservative treatment had not helped his pain and therefore decided, after reviewing plaintiff's x-rays and MRI records, that back surgery was necessary. Tr. at 572–73, 574, 575–76, 578, 58–82, 583–84. Dr. Brown also believed that plaintiff would require the use of a cane after surgery. *Id.* As plaintiff's only treating neurosurgeon, Dr. Brown's opinion offers a unique and material viewpoint on plaintiff's conditions that was not previously available. Additionally, Dr. Brown formed this opinion in reviewing treatment records and MRIs that were taken before plaintiff's date last insured. Therefore, these treatment records are new and material information presented to the Appeals Council but not considered by the ALJ that this Court can consider. *Wilkins v. Sec. HHS*, 953 F.2d 93, 96 (4th Cir. 1991). This opinion is material evidence of plaintiff's additional limiations.

Next, Dr. Shumate's opinion was improperly discounted by the ALJ. Specifically, Dr. Shumate, plaintiff's primary care physician, opined that indicated that plaintiff suffered from knee pain and swelling and from chronic lumbar pain caused by degenerative disc disease, required the use of a cane when standing or walking, and that his pain prevented him from sitting for six hours in an eight-hour workday. Tr. at 569–70. The ALJ's RFC did not adopt all of these opined limitations, however, as the RFC allows plaintiff to sit for six hours in an eight-hour day and only allows him to use a cane for ambulation. Tr. at 98–99.

5

An opinion from a treating source is entitled to controlling weight, unless the ALJ finds that it is not well-supported or inconsistent with other evidence in the record, *Craig*, 76 F.3d at 590. The ALJ did not offer any explanation as to why she chose to adopt some of the restrictions listed in Dr. Shumate's opinion, and not others, and why she accorded the opinion only some weight, except to say that Dr. Shumate did "not offer an opinion as to what the claimant can do despite his impairments." Tr. at 103. However, the regulations do not require, in order to be accorded weight by the ALJ, that a physician's opinion opine on everything a claimant can do despite limitations, and defendant has not cited a single case which stands for the proposition that a treating physician's opinion can be discounted upon such a basis. Here, plaintiff's treating physician opined on certain limitations in working that plaintiff would face, and the ALJ did not describe in any way how that opinion was inconsistent with the record evidence or not well-supported. Thus, there was no proper basis for that opinion to be discounted and the limitations opined should have been accounted for in the RFC.

For these reasons, the RFC was not supported by the record evidence, and the record demonstrates that plaintiff faces more limitations than what was considered by the ALJ.

Additionally, the Commissioner did not meet her burden at step five to show that jobs exist in significant numbers which plaintiff can perform. According to the Social Security Act,

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . . For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means *work which exists in significant numbers either in the region where such individual lives or in several regions of the country.*

42 U.S.C. § 423(d)(2)(A) (emphasis added). The Court must therefore consider whether, in light of plaintiff's limitations discussed above, the jobs cited by the ALJ exist in a "significant

6

number" in his region or in several regions of the country such that plaintiff could find gainful work even with his limitations.

The VE first testified that plaintiff could perform the job of election clerk and that 2,900 such jobs existed in the state. Tr. at 41. According to the Dictionary of Occupational Titles ("DOT"), however, the job of election clerk is only available during elections. [DE 16-2]. This is a fact that has not been unnoticed by other courts. *See Hill v. Colvin*, 807 F.3d 862, 872 (7th Cir. 2015) (Posner, J. concurring) (noting that the job of election clerk is "[o]bviously . . . occasional rather than full-time employment, because elections are not held continuously.").

The next position cited by the VE is the job of Addresser, which the ALJ stated is available at approximately 7,000 jobs nationally and 50 jobs in North Carolina. However, it is problematic for the ALJ to rely on such a position to show that plaintiff is not disabled because the position appears to be obsolete. In 2011, the Social Security Administration ("SSA") commissioned an "Occupational and Medical-Vocational Claims Review Study."[1] [DE 16-3]. In relevant part, the study found "a substantial number of cases where [the adjudicator] cited jobs that might be obsolete," including the job of Addresser. *Id.* at 7. The study went on to concede, "[i]t is doubtful that these jobs, as described in the DOT, currently exist in significant numbers in our economy." *Id.* This information reduces the reliability and credibility of the VE's testimony and casts further doubt on the ALJ's conclusion that jobs exist in significant numbers that the plaintiff can perform. *See Herrmann v. Colvin*, 772 F.3d 1110, 1113 (7th Cir. 2014) ("If the only jobs that the applicant is physically and mentally capable of doing no longer exist in the American economy (such as pin setter, phrenologist, leech collector, milkman, pony express

---

[1] The final results of this study were previously available on the SSA's website, but have since been taken down. An archived form of the study is available at:
https://web.archive.org/web/20170216060135/https://www.ssa.gov/oidap/Documents/PRESENTATION--TRAPANI%20AND%20HARKIN--OIDAP%2005-04-11.pdf.

7

rider, and daguerreotypist), the applicant is disabled from working, and likewise, as a realistic matter, if there is an insignificant number of such jobs").

The final position cited by the ALJ is Stuffer, which is available at approximately 3,100 jobs nationally and 100 jobs in North Carolina. Tr. at 11–43, 106. The Fourth Circuit has not established a minimum number of jobs necessary to constitute a "significant number." *See Hicks v. Califano*, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (declining to determine, without consideration of all of a claimant's disabilities, whether 110 regional jobs would be an insignificant number). However, other courts have held that jobs that are "rare" or "generally unavailable" cannot be held to exist in significant numbers. *See Beltran v. Astrue*, 676 F.3d 1203 (9th Cir. 2012), citing *Walker v. Mathews*, 546 F.2d 814 (9th Cir. 1976). In the *Beltran* case, the Ninth Circuit considered 135 jobs in the claimant's region to be "very rare." *Beltran*, 676 F.3rd at 1206. Thus, on this basis, it would appear that the job of Stuffer is not one that exists in significant numbers in the national economy.

In reviewing an ALJ's opinion on jobs available to a plaintiff,

> A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on.

*Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (quoting *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988)). In considering these factors, the Court finds that the Commissioner has not met her burden to show that jobs exist in significant numbers that plaintiff can perform. The ALJ cited one position that is available only during election, one position that is considered to be obsolete, and one position that only has 135 positions state of North Carolina. The VE's

8

testimony was based on outdated and unreliable information, and these are positions that, even if properly considered, are not widely available.

The record supports a finding that the ALJ made an incorrect RFC finding which did not include the limitations that plaintiff could not sit up to six hours in an eight-hour workday and needed to use a cane to both stand and walk. Even upon the flawed RFC found by the ALJ, the jobs that were cited as available and as evidence that plaintiff is not disabled are not full-time jobs or do not exist in significant numbers. If even more restrictions were found to be applicable, as the evidence demonstrates is merited, then doubtless the base of jobs available to plaintiff would doubtless be eroded to an even greater extent. For these reasons, the ALJ's opinion is not supported by substantial evidence.

### *Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required, however, when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained the basis for his decision and there is no ambivalence in the record. The record properly supports a finding that plaintiff is disabled under the Act. Accordingly, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion [DE 17] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this   day of August, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE